## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **DEBRA CALAMITO** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | |
| **SEDGWICK CLAIMS MANAGEMENT, INC.** | : | **NO: 19-cv-** |
| | : | |
| **and** | : | |
| | : | |
| **AT&T UMBRELLA BENEFIT PLAN NO. 1** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

Plaintiff, Debra Calamito, hereby brings a civil action against Defendants, Sedgwick

Claims Management Services, Inc. and AT&T Umbrella Benefit Plan No. 1, based on the

following:

## PRELIMINARY ALLEGATIONS

1.        "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g)

of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a

claim by a Plaintiff for employee benefits under an employee benefit plan regulated and

governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C.

§ 1331 as this action involves a federal question.  This action is brought for the purpose of

recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights

under the employee benefit plan administered and/or funded by the Defendants. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2.      CALAMITO, a citizen and resident of the State of New Jersey, was at all times employed by AT&T and a covered plan participant under the AT&T Umbrella Disability Plan No. 1 (the "STD Plan").

3.      Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. (hereinafter "Sedgwick") is upon information and belief an insurance administrator licensed to do business in the State of New Jersey. Upon information and belief, Sedgwick's principal mailing address for purposes of effectuating service of process is 8125 Sedgwick Way, Memphis, TN 38125.

4.      Upon information and belief, AT&T UMBRELLA BENEFIT PLAN NO. 1 is the Plan Sponsor and payor of the self-insured Short-Term Disability. Service can be effectuated against the STD Plan at P.O. Box 14627, Lexington, KY 40512.

5.      SEDGWICK, upon information and belief, acted in the capacity of a claims administrator of whom AT&T delegated claims payment and claim determination.

6.      The STD Plan is an employee welfare benefit plan regulated by ERISA, established for employees of AT&T, under which CALAMITO was a participant, and pursuant to which CALAMITO is entitled to short-term disability benefits. Pursuant to the terms and conditions of the Plan, CALAMITO is entitled to disability benefits for the duration of the Plaintiff's short-term disability, for so long as CALAMITO remained disabled as required under the terms and

–2–

conditions of the plan.

      7.     Venue is proper in this district under 29 USC 1132 (e)(2) and (4), in that

SEDGWICK is licensed to transact business within the State of New Jersey.  Moreover, at all

material times hereto CALAMITO was employed and resided in the State of New Jersey.

**<u>CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS,
PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND
COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(b)</u>**

      8.     CALAMITO incorporates by reference all preceding paragraphs as though fully set

forth herein.

      9.     At all times relevant, CALAMITO was an employee of AT&T, and a plan

participant under the terms and conditions of the STD Plan.

      10.    During the course of CALAMITO's employment, CALAMITO became entitled to

benefits under the terms and conditions of the STD Plan.  Specifically, while CALAMITO was

covered under the STD Plan she suffered a medical disability as a result of sickness, the nature of

which, due to privacy, is detailed within the administrative record, rendering her disabled as

defined under the terms of the STD Plan.

      11.    As it relates to CALAMITO's current claim for benefits, the short-term disability

coverage portion of the Plan defines disability, *inter alia,* as: "*because of Illness or Injury, you are*

*unable to perform all of the essential functions of your job or another available job assigned by*

*your Participating Company with the same full-time or part-time classification for which you are*

*qualified.*"

12.     Due to restrictions and limitations arising from a medical "sickness", resulting in "disability" from her occupation, CALAMITO made a claim to SEDGWICK for benefits under the Plan beginning on or about August 24, 2018.

13.     Via letter dated October 25, 2018, SEDGWICK notified CALAMITO that it was denying her disability benefits.

14.     CALAMITO thereinafter timely submitted a mandatory appeal of SEDGWICK's adverse benefit determinations.

15.     Via letter dated July 24, 2019, SEDGWICK affirmed its adverse determination and upheld its decision to deny CALAMITO's short-term disability benefits.  Via letter, Sedgwick informed CALAMITO that she had exhausted her administrative remedies.

16.     CALAMITO has thus fully complied with filing all mandatory administrative appeals required under the Plan.

17.     Defendants SEDGWICK and AT&T Integrated Disability Service Center on behalf of the STD Plan violated ERISA in the following respects:

   a.  Failing to pay short-term disability benefits to CALAMITO at a time when SEDGWICK and AT&T Integrated Disability Service Center on behalf of AT&T UMBRELLA BENEFIT PLAN NO. 1 knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as CALAMITO was disabled and unable to work and therefore entitled to benefits.

   b.  After CALAMITO's claim was denied in whole or in part, SEDGWICK and AT&T Integrated Disability Service Center on behalf of AT&T UMBRELLA

BENEFIT PLAN NO. 1 failed to adequately describe to CALAMITO any additional material or information necessary for CALAMITO to perfect her claim along with an explanation of why such material is or was necessary.

c.  SEDGWICK and AT&T Integrated Disability Service Center on behalf of AT&T UMBRELLA BENEFIT PLAN NO. 1 failed to properly and adequately investigate the merits of CALAMITO's disability claim and failed to provide a full and fair review of CALAMITO's claims.

18.  CALAMITO believes and alleges that SEDGWICK and AT&T Integrated Disability Service Center on behalf of AT&T UMBRELLA BENEFIT PLAN NO. 1 wrongfully denied her claim for short-term disability benefits under the Plan, by other acts or omissions of which CALAMITO is presently unaware, but which may be discovered in this future litigation and which CALAMITO will immediately make SEDGWICK and AT&T Integrated Disability Service Center on behalf of AT&T UMBRELLA BENEFIT PLAN NO. 1 aware of once said acts or omissions are discovered by CALAMITO.

19.  As a proximate result of the aforementioned wrongful conduct of SEDGWICK and AT&T Integrated Disability Service Center on behalf of AT&T UMBRELLA BENEFIT PLAN NO. 1, CALAMITO has damages for loss of disability benefits for the duration of her claim.

20.  As a further direct and proximate result of this improper determination regarding CALAMITO's claim for benefits, CALAMITO, in pursuing this action, has been required to incur attorney's costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), CALAMITO is entitled to have such fees and costs paid by SEDGWICK and AT&T Integrated Disability Service Center on behalf

of AT&T UMBRELLA BENEFIT PLAN NO. 1.

21.   The wrongful conduct of SEDGWICK and AT&T Integrated Disability Service Center on behalf of AT&T UMBRELLA BENEFIT PLAN NO. 1 have created uncertainty where none should exist; therefore, CALAMITO is entitled to enforce her rights under the terms of the Plan.

## REQUEST FOR RELIEF

WHEREFORE, DEBRA CALAMITO prays for relief against SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. and/or AT&T UMBRELLA BENEFIT PLAN NO. 1 as follows:

1.   Payment of short-term disability benefits due Plaintiff;

2.   An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which she is entitled by virtue of her disability;

3.   In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.   Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.   Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6.      Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

ROSEN MOSS SNYDER LLP

Marc H. Snyder, Esquire
Attorneys for Plaintiff,
Debra Calamito